IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID DARBY,** *et al.,* | : |
| Plaintiffs | : CIVIL NO. 1:CV-04-2423 |
| v. | : (Judge Rambo) |
| **DOUGLAS W. HERMAN,** *et al.*, | : |
| Defendants | : |

## **MEMORANDUM and ORDER**

### **I.   Background**

Plaintiff, David Darby, commenced this action with another prisoner, *pro se,* by a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Pending before the court is the Darby's motion for appointment of counsel (Doc. 33). For the reasons that follow, the motion will be denied.

### **II.   Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). In *Tabron*, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold

hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

     Here, movant's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiffs' complaint has arguable merit, movant has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiffs have set forth the complaint in legibly handwritten, understandable paragraphs.  Notwithstanding the assertions to the contrary in the motion, the legal issues are relatively uncomplicated, and expert testimony or investigation are unlikely to be needed.  The court cannot say, at least at this point, that movant will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Therefore, movant's motion for appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter

may be reconsidered either by the court, on its own initiative, or upon a properly filed motion by the movant.

**IT IS THEREFORE ORDERED THAT** David Darby's motion for appointment of counsel (Doc. 33) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a motion properly filed by the movant.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated:  January 13, 2006.