IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID DARBY,** *et al.,*      :
                                :
       **Plaintiffs**      :      CIVIL NO. 1:CV-04-2423
                                :
   **v.**      :      (Judge Rambo)
                                :
**DOUGLAS W. HERMAN,** *et al.,*      :
                                :
       **Defendants**      :

**MEMORANDUM AND ORDER**

**I.      Background**

      Plaintiffs, David Darby and Juan Rodriguez,[1] formerly[2] inmates at the Franklin County Prison ("FCP") in Chambersburg, Pennsylvania, commenced this action *pro se* with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Defendants are FCP Warden John E. Wetzel, Institutional Probation Officer Laura M. Wetzel, and the following Judges of the Franklin County Court of Common Pleas (hereinafter the "Judicial Defendants"): Hon. Douglas W. Herman, Hon. Richard J. Walsh, Hon. Carol L. Van Horn. Plaintiffs

---

[1] A third Plaintiff, Jeramiah Dile, was terminated from the action on February 8, 2005. (*See* Doc. 17.)

[2] David Darby is currently an inmate at the State Correctional Institution in Graterford, Pennsylvania (*see* Doc. 22), and Juan Rodriguez currently resides at 653 South Main Street in Chambersburg, Pennsylvania (*see* Doc. 36).

claim that as a result of misconducts against them, their parole target dates have been extended without a hearing, in violation of their due process rights. They seek monetary damages for the constitutional violation. Currently pending is the Judicial Defendants' motion to dismiss (Doc. 29) Plaintiff's complaint. For the following reasons, the motion will be granted, and the remaining Defendants will be dismissed under 28 U.S.C. § 1915 (e)(2)(B)(ii).

**II.    Discussion**

    **A.    Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the court must accept the Plaintiff's allegations as true. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." A motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). The court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic"

documents. *See Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.  Judicial Defendants

Judicial Defendants claim that they are immune from liability for Plaintiffs' monetary damage claim. The court agrees. It is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985)). Judicial immunity applies even if a judge is accused of acting maliciously and corruptly, and judicial immunity will not be overcome by allegations of bad faith or malice. *Id*. Although the complaint does not specify

3

actions by the Judicial Defendants allegedly giving rise to liability, Plaintiffs' allegations of parole review implicitly relate to exercise of judicial functions by these Defendants.  Consequently, since the claim against the Judicial Defendants necessarily involves members of the judiciary in the exercise of official duties, these defendants are entitled to absolute immunity from suit.

    C.    **28 U.S.C. § 1915**

As it relates to the remaining Defendants, the complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).  The Prison Litigation Reform Act ("PLRA") established new procedures for prisoners' civil rights actions filed in federal court.  Under § 1915(e)(2) of the PLRA, the Court shall dismiss claims by parties, like Plaintiffs, who are proceeding *in forma pauperis* "if the court determines that – (B) the action or appeal – (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).  The frivolousness determination applies equally to cases that are factually frivolous and those that are legally frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  An action is legally frivolous if it is based upon an indisputably meritless legal theory. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).  "[T]he

frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when a complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Thus, Plaintiffs' complaint for damages is legally frivolous because they assert that they are held unlawfully due to a parole set-back resulting from inappropriate sanctions for prison misconducts. Since the success of the claim relies upon the invalidity of the misconduct sanctions, *Heck* precludes a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid. Accordingly, the complaint will be dismissed against remaining Defendants, FCP Warden John E. Wetzel and probation officer Laura M. Wetzel.

**III.   Conclusion**

Since the court concludes that the Judicial Defendants are insulated from suit by judicial immunity, their motion to dismiss Plaintiffs' complaint will be granted.  Further, since the court finds that the complaint is legally frivolous as it relates to the remaining Defendants, the complaint is subject to *sua sponte* dismissal.  An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated:  March 29, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID DARBY,** *et al.,*           :
                                      :
    **Plaintiffs**              :    CIVIL NO. 1:CV-04-2423
                                      :
  **v.**                              :    (Judge Rambo)
                                      :
**DOUGLAS W. HERMAN,** *et al.,*     :
                                      :
    **Defendants**              :

## **O R D E R**

In accordance with the foregoing memorandum, **IT IS ORDERED THAT**:

1) The motion of Judicial Defendants, Hon. Douglas W. Herman, Hon. Richard J. Walsh, and Hon. Carol L. Van Horn to dismiss Plaintiffs' complaint (Doc. 29) is **GRANTED,** and the complaint will be dismissed as to the remaining Defendants, Franklin County Prison Warden John E. Wetzel and probation officer Laura M. Wetzel, as legally frivolous under 28 U.S.C. § 1915 (e)(2)(B)(ii).

2) The Clerk of Court is directed to **CLOSE** this case.

3) Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: March 29, 2006.